UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEAN P. REILLY,

    Petitioner,

v.                                          Case No. 4:21-cv-118-MW-MJF

MARK S. INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Sean Reilly has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent ("the State") moves to dismiss the petition as a procedurally improper successive petition. (Doc. 13). Reilly opposes dismissal. (Doc. 18). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Reilly's petition should be dismissed for lack of jurisdiction, because it is an unauthorized "second or successive" habeas corpus application.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 14

## I. BACKGROUND AND PROCEDURAL HISTORY

Reilly's habeas petition challenges his September 22, 2009 conviction for two counts of Criminal Use of Personal Identification Information in Leon County Circuit Court Case No. 2008-CF-4221, and the subsequent revocation of his probation on June 18, 2015. (Doc. 1 at 1). The parties do not dispute the procedural history of Reilly's criminal case. That procedural history is outlined in the magistrate judge's report and recommendation entered in *Reilly v. Inch*, No. 4:20-cv-145-TKW/EMT, 2021 WL 1091519 (N.D. Fla. Feb. 2, 2021), *Report and Recommendation adopted*, 2021 WL 1088434 (N.D. Fla. Mar. 22, 2021). A copy of that report and recommendation is attached to the State's motion to dismiss. (Doc. 13, Ex. A (R. & R.); Ex. B (Order Adopting R. & R.)). Each procedural fact described in the report and recommendation in Case No. 4:20-cv-145-TKW/EMT is confirmed by the state court record filed in that case and in Reilly's prior habeas case: *Reilly v. Inch*, Case No. 4:18-cv-225-MW/CAS. *See* Case No. 4:20-cv-145-TKW/EMT, Doc. 17, Exs. A-C (state court record); *see also* Case No. 4:18-cv-225-MW/CAS, Doc. 26-1 (state court record).

**<u>The 2009 Original Judgment</u>**

On September 22, 2009, the Leon County Circuit Court convicted Reilly in Case No. 2008-CF-4221, of two counts of Criminal Use of Personal Identification

Information (Counts 1 and 5). The state court withheld adjudication of guilt. As to Count 1, the state court sentenced Reilly to a "split" sentence of 11 months and 29 days of imprisonment in jail followed by two years of community control and then two years of probation. As to Count 5, the court sentenced Reilly to a "split" sentence of two years of community control followed by two years of probation, to run consecutive to the incarcerative portion of the sentence on Count 1 but concurrent with the supervisory portions of the sentence on Count 1 (the community control and probation).

On March 4, 2010, a jury found Reilly guilty of Tampering with a Witness in Leon County Circuit Court Case No. 2008-CF-781. On March 12, 2010, the court sentenced Reilly, in Case No. 2008-CF-781, to a "split" sentence of 10 months of imprisonment, followed by two years of community control and then two years of probation. The state court ordered that the incarcerative portion of the sentence run consecutive to the jail sentence in Case No. 2008-CF-4221, and that the supervisory portions of the sentence run concurrent with the supervisory portions of the sentence in Case No. 2008-CF-4221.

**The 2010 VOP Judgment**

On September 10, 2010, while Reilly was serving the supervisory portions of his sentences in Case Nos. 2008-CF-4221 and 2008-CF-781, the Florida Department

of Corrections (the supervising agency) filed a violation report charging Reilly with twelve counts of violating his supervision. On December 6, 2010, the state court found Reilly guilty of violating the conditions of his supervision in both cases, and revoked his supervision. In Case No. 2008-CF-4221, the court sentenced Reilly on Count 1 to 60 months of imprisonment. On Count 5, the court sentenced Reilly to a "split" sentence of two years of community control followed by two years of probation, to run consecutive to the prison sentence on Count 1. In Case No. 2008-CF-781, the court sentenced Reilly to 4 years of imprisonment, to run concurrent with the sentence in Case No. 2008-CF-4221. The VOP judgments in Case No. 2008-CF-4221 and Case No. 2008-CF-781 were rendered on the date the court imposed the sentences—December 6, 2010.

**The 2015 Second VOP Judgment**

On December 6, 2013, while Reilly was serving the supervisory portion of his sentence on the 2010 VOP Judgment in Case No. 2008-CF-4221, the State filed an "Emergency Motion to Revoke Probation and Order Defendant's Arrest and Hold Without Bond." Reilly was charged with a new law violation of Aggravated Stalking in Leon County Circuit Court Case No. 2014-CF-17, and with violating his supervision in Case No. 2008-CF-4221. On April 6, 2015, following a combined nonjury trial on the new charge in Case No. 2014-CF-17 and a VOP hearing in Case

No. 2008-CF-4221, the state court found Reilly guilty of Aggravated Stalking in Case No. 2014-CF-17 and guilty of violating his supervision in Case No. 2008-CF-4221 (imposed by the 2010 VOP Judgment). On June 18, 2015, the court sentenced Reilly to 5 years of imprisonment in Case No. 2014-CF-17. The court revoked Reilly's supervision in Case No. 2008-CF-4221, and sentenced him on the VOP to 5 years of imprisonment to run consecutive to the sentence imposed in Case No. 2014-CF-17.

**Reilly's Federal Habeas Petitions in this District Court**

On April 27, 2018, while still serving his five-year sentence in Case No. 2014-CF-17 and scheduled to serve his consecutive 2015 Second VOP sentence in Case No. 2008-CF-4221, Reilly filed a § 2254 petition in the United States District Court for the Northern District of Florida. *See Reilly v. Inch*, Case No. 4:18-cv-225-MW/CAS, Doc. 1 (Pet.). Reilly filed an amended petition on February 15, 2019. *See* Case No. 4:18-cv-225-MW/CAS, Doc. 22 (Am. Pet.). In both the initial and amended petitions, Reilly identified the pertinent judgment as the 2010 VOP Judgment in Case No. 2008-CF-4221. The standard form Reilly completed warned him that applicants must "ordinarily first exhaust . . . state court remedies on each ground on which" they sought "action by the federal court," or run the risk of being "barred from presenting additional grounds at a later date." *Id*., Doc. 22 at 4.

Reilly challenged his custody only by disputing the constitutionality of his 2010 VOP proceeding. On December 17, 2019, this District Court denied Reilly's § 2254 petition on the grounds that his claims were procedurally defaulted and without merit. *Reilly v. Inch*, Case No. 4:18-cv-225-MW/CAS, 2019 WL 6877546 (N.D. Fla. Dec. 17, 2019). On May 6, 2020, the United States Court of Appeals for the Eleventh Circuit denied a certificate of appealability. *Reilly v. Sec'y, Fla. Dep't of Corr.*, No. 20-10378-D, 2020 WL 4459987 (11th Cir. May 6, 2020). The Supreme Court of the United States dismissed Reilly's petition for certiorari on January 19, 2021. *Reilly v. Inch*, 141 S. Ct. 1258 (Jan. 19, 2021) (Mem.).

On March 9, 2020, three months after the District Court denied habeas relief, Reilly filed another § 2254 petition. *See Reilly v. Inch*, Case No. 4:20-cv-145-TKW/EMT, Doc. 1 (Pet.). This time, Reilly identified the pertinent judgment as the 2009 Original Judgment in Case No. 2008-CF-4221. Reilly challenged his custody by disputing the constitutionality of his 2009 conviction for Criminal Use of Personal Identification Information. On March 22, 2021, the District Court dismissed Reilly's § 2254 petition as an unauthorized second or successive habeas corpus application. *Reilly v. Inch*, No. 4:20-cv-145-TKW/EMT, 2021 WL 1088434 (N.D. Fla. Mar. 22, 2021), *appeal filed*, No. 21-11565 (11th Cir. May 7, 2021).

In the meantime, on February 25, 202, Reilly initiated this § 2254 proceeding. (Doc. 1). This time, Reilly's petition identifies the pertinent judgment as the 2009 Original Judgment and the 2015 Second VOP Judgment in Case No. 2008-CF-4221. He raises two claims: (1) an ineffective-assistance-of-trial-counsel claim relating to plea negotiations during his 2009 criminal proceeding, and (2) an ineffective-assistance-of-trial-counsel claim relating to his 2015 VOP proceeding. (*Id*. at 3-7).

Reilly asserts that he exhausted both claims in state court. Reilly explains that he presented his first claim—the one challenging his 2009 conviction—in a motion for postconviction relief that was denied by the state circuit court on April 19, 2018, and affirmed on appeal on May 24, 2019. (Doc. 1 at 4-5 (identifying *Reilly v. State*, No. 1D18-1894, 277 So. 3d 1099 (Fla. 1st DCA 2019)). Reilly states that he presented his second claim—the one challenging his 2015 VOP proceeding—in a motion for postconviction relief that was denied by the state circuit court on January 15, 2020, and affirmed on appeal on September 23, 2020. (Doc. 1 at 6 (identifying *Reilly v. State*, No. 1D20-463, 305 So. 3d 512 (Fla. 1st DCA 2020)).

The State moves to dismiss Reilly's petition as an unauthorized successive habeas corpus application. (Doc. 13). Reilly responds that his petition is not a "second or successive" petition because his 2015 Second VOP Judgment "did not become ripe for federal review until September 23, 2020, when Reilly's state

appellate and post-conviction proceedings concluded." (Doc. 18 at 1 (citing *Magwood v. Patterson*, 561 U.S. 320 (2010))). Reilly maintains that he "could not have presented the claims he raises in the current petition in his 2018 petition because they were still pending in the state courts at that time and were thus unexhausted for federal habeas purposes." (Doc. 18 at 2).

## II. Discussion

Section 2244 provides, in relevant part:

**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the**

> **appropriate court of appeals for an order authorizing the district court to consider the application.**

28 U.S.C. § 2244 (emphasis added); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a court of appeals. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that district court lacked jurisdiction to entertain second habeas corpus petition because prisoner failed to obtain order from court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The phrase "second or successive" does not refer to *all* habeas petitions filed second or successively in time. *See Magwood*, 561 U.S. at 332. Instead, "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id*. at 333. Where an intervening judgment comes in between the filing of two habeas petitions, the "application challenging the resulting new judgment is not 'second or successive' at all." *Id*. at 341-42. "[T]he existence of a new judgment is dispositive." *Id*. at 338.

In this case, no court entered an intervening judgment between the filing of Reilly's 2018 petition in *Reilly v. Inch*, Case No. 4:18cv225-MW/CAS and his subsequent § 2254 petitions, including this one. The circumstances of this case are analogous to those in *Burton, supra*.

In *Burton*, the petitioner was convicted and sentenced in state court in 1994. *Burton*, 549 U.S. at 149. He moved for resentencing in the state court and was resentenced. 549 U.S. at 150. The state appellate court affirmed Burton's conviction but remanded for a second resentencing. 549 U.S. at 150. In March 1998, the trial court entered an amended judgment and new sentence. 549 U.S. at 151. In December 1998, while his appeal from his new sentence was pending in the state appellate court, Burton filed a § 2254 petition challenging his 1994 conviction. The federal district court denied the petition on the merits, and the court of appeals affirmed. 549 U.S. at 151.

In 2002, after exhausting his state sentencing appeal, Burton filed a § 2254 petition challenging only the constitutionality of his 1998 sentence. 549 U.S. at 151-152. The federal district court denied relief on the merits, and the court of appeals affirmed. 549 U.S. at 152. The Supreme Court held that Burton's § 2254 petition challenging the sentence should have been dismissed as an unauthorized "second or successive" habeas corpus application. 549 U.S. at 153. The Court reasoned that the

1998 and 2002 habeas petitions did not challenge different judgments, but rather the same judgment. 549 U.S. at 155, 156-57. The Court recognized that Burton styled his first § 2254 petition as a challenge to the 1994 conviction, and that he styled his second § 2254 petition as a challenge to the 1998 sentence, but the Court concluded that both attacked the same "judgment" because the 1998 sentence already was in place when Burton filed his first § 2254 petition in December 1998. 549 U.S. at 156. The Court explained:

> When Burton filed his first petition, the 1998 petition, he was being held in custody pursuant to the 1998 judgment, which had been entered some nine months earlier. When he filed his second petition, the 2002 petition, he was still being held in custody pursuant to the same 1998 judgment. In short, Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

549 U.S. at 153.

When Reilly filed his § 2254 petition in 2018 in Case No. 4:18-cv-225-MW/CAS, he was being held in custody pursuant to the 2015 Second VOP Judgment in Case No. 2008-CF-4221, which had been rendered more than two years earlier. More precisely, Reilly was serving his 5-year prison sentence in Case No. 2014-CF-17 pending execution of his consecutive 5-year prison sentence imposed by the 2015 Second VOP Judgment in Case No. 2008-CF-4221. He therefore was "in custody"—

for federal habeas purposes—under both judgments. *See Peyton v. Rowe*, 391 U.S. 54, 67 (1968) ("[A] prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of § 2241(c)(3).").[2] No court has issued a new, intervening judgment in Case No. 2008-CF-4221 since the filing of Reilly's first § 2254 petition in 2018 in Case No. 4:18-cv-225-MW/CAS.

That Reilly had not exhausted his claims at the time he filed his first § 2254 petition in 2018, does not change the analysis. The Court in *Burton* flatly rejected that "excuse." *Burton*, 549 U.S. at 153-155. The Court reasoned:

> We assume for purposes of this case, without deciding, that the Ninth Circuit's "legitimate excuse" approach to determining whether a petition is "second or successive" is correct. That court's ruling that Burton had a "legitimate excuse," however, is inconsistent with the precise practice we have explained governs in circumstances such as Burton's. The plurality opinion in *Rose v. Lundy*, 455 U.S. 509, 520–522, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982), stated that district courts should dismiss "mixed petitions"—those with exhausted and unexhausted claims—and that petitioners with such petitions have two options. They may withdraw a mixed petition, exhaust the remaining claims, and return to district court with a fully exhausted petition. We have held that in such circumstances the later filed petition would not

---

[2] The question in *Peyton* was whether a district court may entertain a habeas corpus petition from a prisoner incarcerated under consecutive sentences who claims that a sentence he is scheduled to serve in the future is invalid because of a deprivation of rights guaranteed by the Constitution. 391 U.S. at 55. The Court in *Peyton* said that, for purposes of habeas relief, consecutive sentences should be treated as a continuous series; a prisoner is "in custody in violation of the Constitution if any consecutive sentence [the prisoner is] scheduled to serve was imposed as the result of a deprivation of constitutional rights." 391 U.S. at 64-65.

be "second or successive." *Slack v. McDaniel*, 529 U.S. 473, 485–486, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000).

> Alternatively, prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles. *Lundy, supra*, at 520–521, 102 S. Ct. 1198 (plurality opinion); *see also Slack, supra*, at 486–487, 120 S. Ct. 1595. As noted, the form Burton used in filing his first petition warned of just that consequence. App. 37–38; *supra*, at 3. There is no basis in our cases for supposing, as the Ninth Circuit did, that a petitioner with unexhausted claims who chooses the second of these options—who elects to proceed to adjudication of his exhausted claims—may later assert that a subsequent petition is not "second or successive" precisely because his new claims were unexhausted at the time he filed his first petition. This reasoning conflicts with both *Lundy* and § 2244(b). . . . Such a result would be inconsistent with both the exhaustion requirement, with its purpose of reducing "piecemeal litigation," *Duncan v. Walker*, 533 U.S. 167, 180, 121 S. Ct. 2120, 150 L.Ed.2d 251 (2001), and AEDPA, with its goal of "streamlining federal habeas proceedings," *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L.Ed.2d 440 (2005).

549 U.S. at 153-154.[3]

Here, as in *Burton*, Reilly chose to litigate his 2018 habeas petition to conclusion. In doing so, he subjected later petitions raising new claims—like the one here—to the procedural obstacles of § 2244(b). Reilly's present § 2254 petition is a "second or successive" habeas corpus application. Reilly does not allege or show

---

[3] The standard form Burton completed provided the same warning Reilly received. Burton's form petition warned applicants that they must "ordinarily first exhaust . . . available state court remedies as to each ground on which" they sought "action by the federal court," or run the risk of being "barred from presenting additional grounds at a later date." *Burton*, 549 U.S. at 151.

that he obtained the Eleventh Circuit's authorization to file this application. Reilly's failure to receive the requisite authorization operates as a jurisdictional bar and requires dismissal of this case. *See Burton*, 549 U.S. at 152, 157.

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss (Doc. 13) be **GRANTED**.

2. The petition for writ of habeas corpus (Doc. 1) be **DISMISSED** without prejudice for lack of jurisdiction.

3. The clerk of court enter judgment accordingly and close this case file.

At Pensacola, Florida, this 23rd day of August, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**