IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEAN P. REILLY,

    *Petitioner*,

v.                                Case No.: 4:21cv118-MW/MJF

RICKY DIXON,

    *Respondent*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 59, and has also reviewed *de novo* Petitioner's objections, ECF No. 64.

This Court has considered, without hearing, Petitioner's motion to expand the record, ECF No. 65, to include two affidavits from his parents in support of Petitioner's ineffective assistance claim in ground one of his petition, and Petitioner's motion for evidentiary hearing, ECF No. 66. As to both motions, this Court's "[r]eview of factual determinations under § 2254(d)(2) is expressly limited to 'the evidence presented in the State court proceeding.' " *Shoop v. Twyford*, 596 U.S. 811, 819 (2022). Likewise, "review of legal claims under § 2254(d)(1) is also 'limited to the record that was before the state court.' " *Id*. (quoting *Cullen v.*

*Pinholster*, 563 U.S. 180, 181 (2011)). This Court may admit new evidence in only limited situations under § 2254(e)(2), neither of which are present here.

Petitioner's ineffective assistance claim in ground one boiled down to a credibility determination at the state court. Ultimately, the state court believed Petitioner's trial counsel's testimony over Petitioner's and Petitioner's father's testimony regarding whether his trial counsel conveyed a particular plea offer to Petitioner. Petitioner cannot now relitigate this credibility determination by seeking to inject new testimony that was arguably discovered prior to the state court's evidentiary hearing but was not introduced at that time. In short, "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Petitioner's motion to expand the record, ECF No. 65, and Petitioner's motion for evidentiary hearing, ECF No. 66, are due to be denied.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 59, is **accepted and adopted**, over Petitioner's objections, as this Court's opinion. Petitioner's motion to expand the record and motion for evidentiary hearing, ECF Nos. 65 and 66, are **DENIED**. The Clerk shall enter judgment stating, "The petition for writ of habeas corpus, ECF No. 1, challenging the 2009 judgment of conviction and the 2015 revocation of probation

in *State of Florida v. Sean P. Reilly*, Leon County Circuit Court Case No. 2008-CF-4221, is **DENIED**." A certificate of appealability is **DENIED**. The Clerk shall close the file.

    **SO ORDERED on September 10, 2024.**

                                        <u>s/Mark E. Walker</u>
                                        **Chief United States District Judge**